UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAMBELA CARTER,**

    Plaintiff,

v.                                             Case No: 5:23-cv-566-JSM-PRL

**CARDINAL GLASS INDUSTRIES, INC.,**

    Defendant.

---

## Order

On April 18, 2024, the Court granted the defendant's motion to compel and ordered Plaintiff to pay to Defendant the reasonable attorney's fees and expenses incurred by counsel in preparing and filing the motion to compel. (Doc. 22). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. As directed, Defendant filed the Affidavit of Attorneys Bryan J. Morben and Emani Y. Marshall-Loving. (Doc. 23). Defendant seeks to recover a rather large amount of attorney's fees, $10,096. Plaintiff has not filed a response in opposition and the time for doing so has passed. For the following reason's the defendant's request for attorney's fees pursuant to Federal Rule of Civil Procedure 37 and the Court's Order (Doc. 22), is **granted in part**.

Because the Court has already found that Defendant is entitled to its reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel, the only issue still open for consideration is the amount of the reasonable expenses and fees. Defendant's counsel, Bryan J. Morben and Emani Y. Marshall-Loving, represent that they

expended a total of 20.70 hours in preparing and filing the motion to compel.[1] Mr. Morben seeks to recover an hourly rate of $535.00. Ms. Marshall-Loving seeks to recover an hourly rate of $445.00. Thus, Defendant seeks to recover $10,096.00 in total attorney's fees.[2]

Because Plaintiff failed to file a response in opposition, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g.*, *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that adversarial process normally aids the court in determining whether amount of attorney's fees requested is reasonable). Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the requested fees are reasonable. And the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Finally, "[t]here is nothing inherently unreasonable about a client relying on more than one lawyer or having an attorney review and revise his or her colleague's work; however, a fee applicant bears the burden of establishing that billed time reflects distinct contributions by each lawyer." *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899, 2018 WL 1605842, at *3 (M.D. Fla. Apr. 3, 2018).

---

[1] Mr. Morben represents that he billed 12.3 hours and Ms. Marshall-Loving billed 8.4 hours.
[2] The Court accepts counsel's contention that the amount of attorney's fees sought is $10,096.00, however, that figure is incorrect. (Doc. 23 at 4). At the requested rates, the total amount sought should be $10,318.50. (8.4 hours x $445) + (12.3 x $535) = $3738 + $6580.50 = $10,318.50.

I. HOURLY RATES REDUCTION

As an initial matter, Defendant's counsel, Mr. Morben and Ms. Marshall-Loving,[3] seek to recover hourly rates that are higher than those typically awarded in the Middle District of Florida for lawyers with similar experience. Indeed, courts in this district "approve rates of $325 and $350 an hour to attorneys with a significant amount of experience" and rates of $171 to $229 an hour for associate attorneys. *Johnson v. FedEx Ground Package Sys. Inc.*, No. 5:19-CV-00196, 2020 WL 10334683, at *2–3 & n.2 (M.D. Fla. June 23, 2020) (collecting cases).[4]

While the declaration tries to justify Mr. Morben's rate by providing information on his experience and bar admissions,[5] it lacks such information with regard to Ms. Marshall-Loving. Instead, justification for her hourly rate is that it "is within the range of other associates at her level in the area." (Doc. 23 at 5). However, as stated, her $445 hourly rate is higher than rates typically awarded in the Middle District of Florida for associate attorneys.

---

[3] Mr. Morben is a shareholder with the law firm of Fredrikson & Byron, P.A. ("Fredrikson"), and Ms. Marshall-Loving is an associate with Fredrikson. (Doc. 23 at 1, 5).

[4] *See Pruco Life Ins. v. Howen*, No. 2:23-CV-54, 2024 WL 1417406, at *1 (M.D. Fla. Apr. 2, 2024) (reducing hourly rate from $400 to $300 where there was neither detail nor explanation for the rate and "routine motion to compel . . . could have easily been prepared by a first-year associate") (citations omitted); *see also Singh v. Orlando Health, Inc.*, No. 6:22-cv-1365, 2023 WL 4052270 at *1 (approving hourly rates of "$300 per hour after 15 years of experience [for a principal attorney], and . . . $265 per hour after 10 years of experience" for an associate attorney); *see also Equal Emp. Opportunity Comm'n v. Chalfont & Assocs. Grp., Inc.*, No. 6:19-CV-1304, 2020 WL 1433054, at *4 (M.D. Fla. Mar. 24, 2020) (reducing rate from $400 to $250 an hour where motion to compel did not require two attorneys with more than 10 years of experience and where number of hours requested "(16.7 hours allowed) did not reflect the experience required to justify $400 per hour") (citing *Rodriguez v. GEICO Gen. Ins. Co. and Govt. Employees Ins. Co.*, Case No. 6:19-cv-1862-Orl-40GJK (M.D. Fla.)).

[5] Mr. Morben "is a Shareholder in Fredrikson's Employment & Labor Department and has over a decade of experience litigating employment disputes. Mr. Morben is admitted to practice in the States of Minnesota, North Dakota, and over half a dozen federal district courts, federal courts of appeals, and the U.S. Supreme Court. Mr. Morben regularly litigates cases across the country. Mr. Morben is the primary attorney responsible for handling this case." (Doc. 23 at 5).

Further, the Court is unpersuaded that counsel's hourly rates are justified by this routine motion to compel.[6] The motion to compel characterizes this action as "a fairly routine employment discrimination case." (Doc. 16 at 6, 8, 9, 12–16). The motion to compel does not raise novel or complex issues—it is premised on inadequate responses to two interrogatories and seven requests for production, and Plaintiff's failure to produce her cellphone. (Doc. 16 at 6, 8, 9, 12–16). Like in *Pruco*, the motion to compel was straightforward, involving mostly incomplete discovery responses. *Pruco Life Ins.*, 2024 WL 1417406, at *1 ("motion to compel contained no novel legal theories or difficult factual issues. Instead, it presented a quintessentially straightforward issue: a party that simply failed to respond to discovery requests"). Thus, the Court will reduce counsels' hourly rates by $100, and will approve as reasonable the reduced hourly rates of $435 to Mr. Morben and $345 to Ms. Marshall-Loving.

## II. NON-COMPENSABLE TIME ENTRIES

Next, specific time entries are block-billed and are "clerical, excessive, or otherwise not compensable[.]" *Cf. Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-CV-1908, 2022 WL 8217011, at *6 (M.D. Fla. July 22, 2022), *report and recommendation adopted*, No. 6:19-CV-1908, 2022 WL 4285897 (M.D. Fla. Sept. 16, 2022), *reconsideration denied*, No. 6:19-CV-1908, 2023 WL 2039378 (M.D. Fla. Jan. 27, 2023) (denying reducing time entries challenged for block billing, because entries otherwise "were compensable, and thus there is no risk of awarding fees for clerical tasks") (first citing *Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 19-cv-61306, 2021 WL 3710139, at *20 (S.D. Fla.

---

[6] Also, the amount of time that was spent on the motion to compel by Mr. Morben and Ms. Marshall-Loving undercuts the reasonableness of the hourly rates sought. *See Chalfont & Assocs. Grp., Inc.*, 2020 WL 1433054, at *4 (reducing rate from $400 to $250 an hour where motion to compel did not require two attorneys with more than 10 years of experience and where number of hours requested "(16.7 hours allowed) did not reflect the experience required to justify $400 per hour") (citing *Rodriguez*, Case No. 6:19-cv-1862-Orl-40GJK).

Aug. 4, 2021), *report and recommendation adopted*, No. 19-cv-61306, 2021 WL 3709265 (S.D. Fla. Aug. 20, 2021); then citing *Carithers v. Mid-Continent Cas. Co.*, No. 3:12-CV-890, 2015 WL 12841075, at *2 (M.D. Fla. Nov. 13, 2015)).

"In using block billing, counsel listed several tasks in a single entry without specifying the time spent on each task."[7] *Ratner v. UNATION, Inc.*, No. 8:18-CV-3037, 2019 WL 4738138, at *1 (M.D. Fla. Sept. 27, 2019). And, "[w]ithin those tasks, there is clerical work, such as filing motions and preparing time records, which is not compensable at attorney rates." *Id.* "In addition, certain time entries contain general research that may be excessive depending on the time expended." *Id.*; *cf. Wyndham Vacation Ownership, Inc.*, 2022 WL 8217011, at *6 ("not[ing] that in light of the overall number of entries and amount of hours, the use of block billing was not extensive").

Some of the following entries are block billed, and all are clerical in nature, excessive, or are otherwise not compensable:

| Work Date | Timekeeper Name | Work Hours | Work Rate | Work Amount | Narrative |
|---|---|---|---|---|---|
| 2/20/2024 | Bryan J. Morben | 2.00 | 535.00 | 1,070.00 | Review and analyze Local Rules and Middle District Discovery Guide and conduct research relating to potential motion to compel discovery and ESI discovery matters; review case management report and Scheduling Order. |
| 3/6/2024 | Bryan J. Morben | 2.00 | 535.00 | 1,070.00 | Revise Motion, Memorandum in Support of Motion to Compel Discovery, and Declaration of B. Morben in support of same; review/analyze Local Rules on motion practice. |

---

[7] "[T]he mere inclusion of two tasks in a single entry is not, in itself, evidence of block billing." *Wyndham Vacation Ownership, Inc.*, 2022 WL 8217011, at *6 (first citing *Machado v. Da Vittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618, *3 (S.D. Fla. July 26, 2010); then citing *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009)).

| 3/7/2024 | Bryan J. Morben | 1.30 | 535.00 | 695.50 | Finalize Motion to Compel documents; organize and compile exhibits to Morben Declaration; coordinate filing of motion and supporting documents. |
| 3/19/2024 | Bryan J. Morben | 1.00 | 535.00 | 535.00 | Review and analyze Plaintiff P. Carter's Memorandum Response to Motion to Compel Discovery, Cardinal's Motion/memorandum in support of motion to compel, M.D. Florida Local Rules on motions, and Court's Case Scheduling Order for discovery and other related deadlines and procedures. |
| 3/22/2024 | Bryan J. Morben | 0.20 | 535.00 | 107.00 | Exchange email correspondence with A. Eisenberg (local counsel) regarding P. Carter response to Motion to Compel and strategy relating to same. |
| 4/18/2024 | Bryan J. Morben | 0.50 | 535.00 | 267.50 | Review and analyze Court's Order granting motion to compel. |
| 4/19/2024 | Bryan J. Morben | 1.00 | 535.00 | 535.00 | Review and edit billing records; Draft Declaration of B. Morben in support of award of fees and expenses incurred in preparing motion to compel. |

(Doc. 23 at 2–4); *see Jones v. Kijakazi*, No. 8:22-CV-172, 2023 WL 4591934, at *2 (M.D. Fla. July 18, 2023) (determining non-compensable, clerical tasks included attorney review of scheduling order); *see also Mullinax v. Comm'r of Soc. Sec.*, No. 5:17-cv-445, 2019 WL 1440149, at *1 (M.D. Fla. Apr. 1, 2019) (excluding hours for clerical tasks such as "review scheduling order"); *accord Bluestarexpo, Inc. v. Enis*, No. 21-20875-CIV, 2022 WL 17583630, at *8 (S.D. Fla. Nov. 23, 2022), *report and recommendation adopted*, No. 21-20875-CIV, 2023 WL 158292 (S.D. Fla. Jan. 11, 2023) (finding non-compensable clerical task was filing documents on CM/ECF); *Ratner*, 2019 WL 4738138, at *1 (reducing hours by 30% to account for block billing; non-compensable work including "clerical work, such as filing motions and preparing

time records[;]" and "general research that may be excessive") (citations omitted). Thus, the time attributable to these entries (eight hours in total) will be excluded from the fee request.

### III. CONCLUSION

Considering the Court's knowledge of market rates in the Ocala Division, the complexity of the case, and the issues the motions to compel raised, the Court finds that the reduced hourly rates and fees as approved are reasonable and appropriate. Accordingly, within **ten (10) days** of the entry date of this Order, the plaintiff shall remit to the defendant $4,768.50, which represents the reasonable attorney's fees incurred in preparing and filing the motion to compel.[8]

**DONE** and **ORDERED** in Ocala, Florida on May 24, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[8] The total amount of attorney's fees that would be awarded under this Order is $4,768.50. The math is as follows: 4,768.50 = (4.3 x $435) + (8.4 x $345).