UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAMBELA CARTER,**

    Plaintiff,

v.                                              Case No: 5:23-cv-566-JSM-PRL

**CARDINAL GLASS INDUSTRIES, INC.,**

    Defendant.

___

## ORDER

The plaintiff has moved to vacate the Court's order granting the defendant's request for the payment of its attorney's fees incurred in filing the motion to compel. (Doc. 27). On April 18, 2024, the Court granted the defendant's motion to compel and ordered Plaintiff to pay to Defendant the reasonable attorney's fees and expenses incurred by counsel in preparing and filing the motion to compel. (Doc. 22). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. On April 19, 2024, the defendant filed the affidavit of its attorneys, seeking to recover $10,096.00 in attorney's fees. (Doc. 23). Plaintiff did not file a response in opposition and the time for doing so passed.[1]

___

[1] The plaintiff "subsequently comply[ing] with the Court's order by providing supplement [sic] discovery" does not excuse the plaintiff's failure to raise her objections in a timely manner. (Doc. 27 at ¶ 15). The plaintiff had an opportunity to respond to the defendant's request for sanctions and to respond with objections to the defendant's affidavit. However, "Plaintiff has not offered substantial justification for her failure to provide complete discovery responses, nor has she provided any circumstances that would make an award unjust." (Doc. 22 at 8). Further, the defense counsel did not have to "prove[] that Plaintiff and her counsel acted in bad faith." (Doc. 27 at 3). **The plaintiff's counsel should review Federal Rule of Civil Procedure 37(a)(5)(A) for the correct standard** (as

The Court, on May 24, 2024, granted the defendant's request in part, awarding it $4,768.50 in attorney's fees. (Doc. 26). That order reduced the hourly rates that counsel sought, so that they would come within the range of reasonable rates for the Middle District of Florida. *Id.* Further, the order excluded time entries that were block-billed and "clerical, excessive, or otherwise not compensable[.]" *Id.*

Now, the plaintiff argues that the hourly rates of counsel as requested are unreasonable, citing to a string of cases from the United States District Court for the Southern District of Florida. (Doc. 27 at 5–6). These citations are unhelpful here because the Court already reduced the hourly rates sought to come within the hourly rates for the Middle District of Florida, where this case is pending. In any event, Plaintiff does not explain where her issue is with the Court's prior order, and her citations and motion fail to explain how or where the Court erred such that it must vacate its decision.

Next, the plaintiff argues that tasks should be excluded for being paralegal or clerical in nature. Again, the Court took care of this issue in its order awarding the defendant some of its requested attorney's fees incurred in preparing and filing the motion to compel. Further, the plaintiff fails to identify any time entries that should have been excluded as "paralegal or clerical." Likewise, the plaintiff does not point out where the Court erred here.

Similarly, the plaintiff objects to "block itemizations." The Court excluded entries that were "block-billed." The plaintiff fails to identify the entries that she believes the Court should have excluded. Finally, the plaintiff's general objections to "redundant tasks and excessive time expended" are similarly unhelpful in the plaintiff failing to identify the deficient entries,

---

discussed in the Court's order granting the defendant's motion to compel). (Doc. 22 at 8), *cf.* (Doc. 27 at 3 (citing cases that are applying **Florida law** and are not dealing with motions to compel)).

failing to identify where the Court erred, and the Court already excluding such entries. While the plaintiff cites to a case where there was a 50% reduction in the hours sought, the Court excluded specific entries, rather than engaging in an across-the-board cut. Regardless, the citation is unhelpful, because the defendant's request was cut by approximately 50%—the order awarded the defendant $4,768.50 in attorney's fees when it originally sought $10,096.00.

Finally, the plaintiff argues that fees-on-fees are disallowed (such that the defendant could not recover fees for time spent litigating such fees). This argument is again unhelpful because the Court already excluded those fees. (Doc. 26 at 6). Again, the plaintiff has not identified where or how the Court erred, nor has she identified any grounds for vacating the Court's order.[2] Accordingly, the plaintiff's motion (Doc. 27) is **denied**.

**DONE** and **ORDERED** in Ocala, Florida on June 4, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Moreover, it is confusing why Plaintiff's counsel filed this motion, particularly where she "relies upon the discretion of the Court in its assessment of what the reasonable amount of attorney's fees awarded should be, in light of the arguments asserted by Plaintiff." (Doc. 27 at 9). The Court's order (Doc. 26) addressed these issues (without the benefit of a response from Plaintiff at the time), and the plaintiff's counsel does not raise any objections that weren't independently considered by that order.