UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMBELA CARTER,

    Plaintiff,

v.                                                      Case No: 5:23-cv-566-JSM-PRL

CARDINAL GLASS INDUSTRIES,
INC.,

    Defendant.
_____

## ORDER

    Before the Court is the plaintiff's motion for reconsideration of the Court's recent Order denying her request to extend the discovery deadline. (Docs. 35 & 41). The motion restates the same arguments already presented and considered, and adds some new correspondence as exhibits that would have been in counsel's possession at the time of the initial motion, but it does not add anything new that would warrant a different conclusion.

    More specifically, the motion for reconsideration restates, much like the response to the order to show cause that will be addressed separately, a series of mistakes, self-created delays, alleged failures in calendaring, and some intervening holidays and travel, to explain—but not establish good cause for—the need for additional discovery time.

    The case began with the plaintiff's counsel's attempt to serve discovery on the defendant, despite the timing requirements set forth in Fed. R. Civ. P. 26(d). The parties eventually submitted a case management report, and the district judge subsequently issued the Court's scheduling Order, largely adopting the general time frames proposed but altering numerous specific dates (not just the discovery date). (Docs. 12 & 13). For example, the proposed discovery deadline of May 31, 2024, was set for May 1, 2024; the May 1, 2024,

proposed mediation deadline was set for June 7, 2024; and the proposed December 2024 trial was set for February 2025. Plaintiff leans on the failure (or rather counsel's staff's failure) to properly calendar the actual discovery deadline, but because several dates were different (and would have required one to think through the different deadlines with some additional care), this basis is undercut.

This calendaring error isn't the only mistake made. During the actual Court-set discovery period, Plaintiff didn't seek to compel any purportedly deficient discovery from Defendant (something she wants an extension for so that she can do now), and didn't take any depositions of Defendant's employees or possible witnesses (something she also wants to do now). These failures are blamed on "holidays causing further delay with its staff," Plaintiff's efforts to comply with Defendant's discovery requests and the Court's ordered production, Plaintiff's focus on compliance with Court orders (which apparently didn't include responding to Defendant's request for attorney's fees until after the Court had determined them without the benefit of a response from the plaintiff's counsel), counsel's preparation for a trial and vacation, "time restraints with scheduling mediation and an Order from the Court compelling additional discovery," and (even more astounding than those in the previous list) an argument that new facts during the plaintiff's own deposition (from the plaintiff) that (for some reason) required exploration with the aid of the plaintiff's deposition transcript (necessitating, it seems, further delay in waiting for it) and counsel's evaluation of his own client's testimony.

In the meantime, the defense has conducted discovery, moved to compel discovery when necessary, participated in mediation, prepared and filed a motion for summary

judgment, and, the Court presumes, calendared dates, worked with its staff, endured holidays and travel, and litigated other cases.

Accordingly, for the reasons set forth in the initial order (Doc. 35), and those stated here, the motion (Doc. 41), is **denied**.

**DONE** and **ORDERED** in Ocala, Florida on July 3, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties